**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TIFFANY QUINN**,

    Plaintiff,

v.                                                   **Case No. 8:07-CV-1717-T-23EAJ**

**ISLAND FITNESS, INC., d/b/a
FUSION FITNESS and PAUL HARTFORD**,

    Defendants.
_____/

**ORDER**

Before the court are the **Motion to Withdraw** of Ryan L. Synder, Esq. (Dkt. 37), filed on October 23, 2008 and Plaintiff's **Motion of Compel and for Sanctions Based Upon Defendant's Failure to Appear for Deposition** (Dkt. 39) filed on October 30, 2008.

**I.**     **Motion to Withdraw of Ryan L. Synder, Esq.**

Ryan L. Synder, Esq. seeks an order permitting him to withdraw his representation from Defendant Island Fitness, Inc.("Defendant Island Fitness") because Defendant Island Fitness has substantially failed to fulfill an obligation regarding Mr. Synder's services and continued representation would result in an unreasonable financial burden on Mr. Synder (Dkt. 37 at 1-2). Mr. Synder and Nicole L. Jordan, Esq. are currently listed as counsel of record for Defendant Island Fitness and Individual Defendant Paul Hartford. Mr. Synder represents to the court that Defendant Island Fitness has assented to his request to withdrawal (Dkt. 37 at 2). However, Mr. Synder asserts that Plaintiff's counsel objects to the motion.

This court is not convinced that Defendant Island Fitness will not be prejudiced by the withdrawal of Ryan L. Synder, Esq. First, it is unclear whether Mr. Synder's motion to withdraw

also seeks permission for Nicole L. Jordan, Esq. of the Snyder Law Group, P.A. to withdraw her representation of Defendant Island Fitness. Second, under Local Rule 2.03(c), M.D. Fla., leave to withdraw shall not be given, "absent compelling ethical considerations, if such withdrawal would likely cause continuance or delay." Pursuant to the Case Management and Scheduling Order, discovery closed on October 30, 2008; dispositive motions are due by December 19, 2008; the Final Pretrial Conference is set for January 13, 2009; and, the jury trial is set for the February 2009 trial term (Dkt. 33). There are also discovery motions pending before the court.[1] Allowing Defendant's counsel to withdraw at this stage of the proceedings may cause delay while Defendant Island Fitness seeks new counsel and while substitute counsel becomes familiar with the case.

Thus, this court will grant the motion to withdraw only upon a showing that substitute counsel is available to represent Defendant Island Fitness.[2] Further, substitute counsel must not seek any delay in the proceedings.

## II. Plaintiff's Motion of Compel and for Sanctions Based Upon Defendant's Failure to Appear for Deposition

Plaintiff filed a Motion to Compel Discovery (Dkt. 39) on October 30, 2009 asserting that Defendant's corporate representative failed to appear for a properly noticed deposition set for October 30, 2008 (Dkt. 39 at 1). Plaintiff contends she incurred significant time and expenses preparing for the deposition of Defendant's corporate representative. Plaintiff seeks an award of

---

[1] In addition to Plaintiff's Motion to Compel (Dkt. 39), Defendant Paul Hartford filed a Motion to Compel Discovery Responses (Dkt. 40) on November 25, 2008. Plaintiff's response is due on or before December 12, 2008.

[2] Corporations and partnerships must be represented by counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986). A corporation's failure to obtain substitute counsel could result in default or other sanctions.

attorney's fees, costs, and other appropriate sanctions for the failure of Defendant's corporate representative to appear at the deposition.

Defendant's response was due on November 17, 2008. To date, Defendant has failed to file a response. Plaintiff's motion is therefore treated as unopposed. See Local Rule 3.01(b), M.D. Fla.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)  The **Motion to Withdraw** of Ryan L. Synder, Esq. (Dkt. 37) is **DENIED WITHOUT PREJUDICE**.

(2)  Plaintiff's **Motion of Compel and for Sanctions Based Upon Defendant's Failure to Appear for Deposition** (Dkt. 39) is **GRANTED** to the extent that Defendant Island Fitness's corporate representative shall appear for a deposition within 10 days of the date of this order and Defendant Island Fitness shall also show cause, in writing, by the same deadline as to why sanctions sought by Plaintiff should not be imposed.

**DONE AND ORDERED** in Tampa, Florida on this 2nd day of December, 2008.

ELIZABETH A JENKINS
United States Magistrate Judge

3

Case 8:07-cv-01717-SDM-EAJ   Document 41   Filed 12/02/08   Page 4 of 4 PageID 222