UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TIFFANY QUINN**,

    Plaintiff,

v.                                                      Case No. 8:07-CV-1717-T-23EAJ

**ISLAND FITNESS, INC., d/b/a
FUSION FITNESS and PAUL HARTFORD**,

    Defendants.
_____ /

## REPORT AND RECOMMENDATION

Before the court are **Defendant Paul Hartford's Motion for Sanctions** (Dkt. 47) and **Defendant Paul Hartford's Motion for Sanctions** (Dkt. 57). For the reasons set forth below, it is recommended that Defendants' motions be granted and Plaintiff's complaint be dismissed.

### I. Background

By order of December 15, 2008, this court granted Defendant Paul Hartford's Motion to Compel discovery responses and directed Plaintiff to provide the discovery at issue by December 26, 2008 (Dkt. 42). On January 12, 2009, Defendant filed a motion for sanctions asserting that Plaintiff failed to provide the discovery responses as ordered by the court (Dkt. 47). Defendant seeks an order staying the proceedings until Plaintiff provides the requested discovery or an order dismissing the action.

On January 14, 2009, the court held a final pretrial conference in this case. This case is on the trial calendar commencing February 2, 2009 (Dkt. 58).

During the final pretrial conference, Plaintiff's counsel stated that she contacted Plaintiff by letter and telephone regarding the requirement to provide notarized responses to Defendant's

discovery requests. At the hearing, Plaintiff's counsel requested an opportunity to send a certified letter to Plaintiff outlining the consequences of failing to comply with the court's discovery orders. The court granted Plaintiff's counsel's request and directed Plaintiff to provide Defendant with the outstanding discovery responses by January 23, 2009 (Dkt. 53 at 1). At the final pretrial conference and in the court's order, the court advised Plaintiff that failure to comply with this order could result in dismissal under Rule 37(b)(2)(A), Fed. R. Civ. P. (Dkt. 53 at 2).

On January 23, 2009, Defendant filed a second motion for sanctions against Plaintiff (Dkt. 57). Defendant asserts that Plaintiff failed to provide discovery responses in violation of the court's orders. In addition, Defendant contends that Plaintiff's claim for damages is based merely upon a statement of damages contained in the Joint Pre-trial Statement (Dkt. 57 at 3). As such, Defendant alleges he would be severely prejudiced if this matter was tried in February 2009 (Dkt. 57 at 3-4). Similar to Defendant's first motion for sanctions, Defendant seeks an order staying the proceedings or dismissing the action. Defendant also seeks attorney's fees in bringing these motions.

Plaintiff did not file responses to Defendant's motions. On February 4, 2009, the court held a hearing on Plaintiff's counsel's Emergency Motion to Withdraw (Dkt. 56) (addressed by separate order). At the hearing, Plaintiff's counsel advised that she last spoke with her client by telephone sometime after the pretrial conference and advised her of the approaching trial date and the possibility of dismissal if Plaintiff did not respond to discovery. Plaintiff's counsel also stated that she sent Plaintiff a certified letter with this information. To date Defendant has not received Plaintiff's discovery responses.

This case is set for trial in February 2009. In fact, counsel were advised at the February 4, 2009 hearing that trial would begin either February 9 or February 17, 2009.

## II. Discussion

Pursuant to Rule 37(b)(2)(A), Fed. R. Civ. P., a party that fails to obey a court order to provide or permit discovery, the court may sanction the party by dismissing the action. Moreover, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A district court has broad discretion in fashioning appropriate sanctions for violation of discovery orders. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). Dismissal with prejudice is the most severe Rule 37 sanction but it may be appropriate when a plaintiff's recalcitrance is due to willful conduct, bad faith, or fault. Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). A court may dismiss a complaint as a last resort when there is a willful or bad faith failure to obey a discovery order and less drastic sanctions would not ensure compliance with the court's orders. Malautea, 987 F.2d at 1542.

Here, the court finds that Plaintiff's failure to comply with her discovery obligations was willful. Plaintiff ignored repeated requests from her counsel to provide notarized responses to Defendant's discovery. Plaintiff also disregarded the court's orders compelling her discovery responses. Further, Plaintiff was on notice that her failure to comply with the court's discovery orders could result in the dismissal of her case. Without Plaintiff's discovery responses, Defendant would be prejudiced at trial. No lesser sanction than dismissal is appropriate to address Plaintiff's violations because the trial date is imminent and the discovery violations are serious and willful. Accordingly, the court recommends that Defendant's motions for sanctions be granted and that

Plaintiff's complaint be dismissed.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     **Defendant Paul Hartford's Motion for Sanctions** (Dkt. 47) and **Defendant Paul Hartford's Motion for Sanctions** (Dkt. 57) be **GRANTED**;

(2)     this action be **DISMISSED** pursuant to Rule 37(b)(2), Fed. R. Civ. P., for Plaintiff's willful failure to comply with discovery orders; and,

(3)     the Clerk of the Court be directed to close the file and terminate all pending motions.

**Date: February 4 , 2009**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo determination by a District Judge. See 28 U.S.C. § 636(b)(1).